IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHEILA MARIE ALVAREZ,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>DENNIS OBRIEN,<br><br>　　　　　Defendant. | 8:21CV303<br><br><br>**MEMORANDUM<br>AND ORDER** |

　　　　The matter is before the court for initial review of Plaintiff's pro se, in forma pauperis Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

　　　　The Complaint's caption lists Dennis Obrien as defendant, but the defendant listed in the body of the Complaint is "Nebraska Dept. of Health." (Filing 1 at 1-2.) Plaintiff complains that on September 1, 2020, the defendant "took [her] children out of [her] house [for] no reason" and "put [the] children in [another person's] home" when Plaintiff "was having a bad time." (Filing 1 at 3.) For relief, Plaintiff wants the children returned to her custody. (Filing 1 at 5.) Approximately 250 pages of exhibits are attached to the Complaint, and 12 pages of supplemental materials (Filing 8) have also been filed by Plaintiff and reviewed by the court.

## II. STANDARDS ON INITIAL REVIEW

　　　　The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

This is the third lawsuit Plaintiff has filed in this court seeking to regain custody of her children.[1]

In the first case, filed on February 1, 2021, Plaintiff alleged that her children had been removed from her custody about 6 months earlier, after she'd notified the Nebraska Department of Health and Human Services of threats being made against the children and herself. The court determined on initial review of Plaintiff's complaint that no plausible claim for relief was stated, but on its own motion gave Plaintiff leave to amend. When Plaintiff failed to amend, the case was dismissed without prejudice on May 13, 2021. *See Alvarez v. Health and Human Services, et al.*, Case No. 8:21CV38 (D. Neb.).

In the second case, filed on June 1, 2021, Plaintiff alleged that Dennis Obrian [sic] took her children under a Nebraska law that "was wrong." Plaintiff alleged the defendant accused her of being unfit because she was on drugs, but she wasn't. The

---

[1] The court can sua sponte take judicial notice of its own records and files, and facts which are part of its public records. *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981). Judicial notice is particularly applicable to the Court's own records of prior litigation closely related to the case before it. *Id.*

2

court again determined on initial review that Plaintiff's complaint failed to state a claim upon which relief may be granted, and it again gave Plaintiff leave to amend. When Plaintiff failed to amend, the case was dismissed without prejudice on August 10, 2021. *See Alvarez v. Obrian*, Case No. 8:21CV204 (D. Neb.).[2]

The present action, like the previous cases, is designated as a civil rights action filed under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The court has previously advised Plaintiff that the Nebraska Department of Health and Human Services in not a proper defendant,[3] but that an official with the Department might be sued for prospective injunctive relief in his or her official capacity.[4]

---

[2] The present action was filed on August 11, 2021. One week later, Plaintiff filed an appeal of Case No. 8:21CV204. The court's judgment was summarily affirmed by the Court of Appeals on September 9, 2021, and its mandate was issued on October 7, 2021.

[3] A state, its agencies and instrumentalities, and its employees in their official capacities generally are not considered "persons" as that term is used in § 1983, and are not suable under the statute, regardless of the forum where the suit is maintained. *See Hilton v. South Carolina Pub. Railways Comm'n*, 502 U.S. 197, 200-01 (1991); *see also McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008) (states, arms of the state, and state officials acting in their official capacities are not subject to suit under § 1983). In addition, the Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and state employees sued in their official capacities. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995).

[4] State officials sued in their official capacities for injunctive relief are "persons" under § 1983, because official capacity actions for prospective relief are not treated as actions against the State. *Hafer v. Melo*, 502 U.S. 21, 27 (1991); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). A state's Eleventh Amendment immunity does not bar a suit against state officials when the plaintiff seeks only prospective relief for ongoing violations of federal rights. *Verizon Md. Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635 (2002); *Ex Parte Young*, 209 U.S. 123 (1908).

Because Plaintiff does not specify otherwise, it must be presumed that Dennis Obrien is sued only in his official capacity. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007).

"Parents have a recognized liberty interest in the care, custody, and management of their children." *Mitchell v. Dakota Cty. Soc. Servs.*, 959 F.3d 887, 897 (8th Cir. 2020) (citing *Webb ex rel. K.S. v. Smith*, 936 F.3d 808, 815 (8th Cir. 2019)). "That said, the right to family integrity does not include a constitutional right to be free from child abuse investigations." *Id.* (citing *Dornheim v. Sholes*, 430 F.3d 919, 925 (8th Cir. 2005).

"State intervention in a family unit must arise under procedures sufficient to meet the requirements of the Due Process Clause." *Id.* (citing *Lehr v. Robertson*, 463 U.S. 248, 258 (1983)). "The Due Process Clause requires that the person whose rights are being interfered with receives notice and has an 'opportunity to be heard at a meaningful time and in a meaningful manner.'" *Id.* (quoting *Swipies v. Kofka*, 419 F.3d 709, 715 (8th Cir. 2005)). "In child removal cases, the meaningful time and manner requirement means that the state must hold a hearing promptly after removal." *Id.* Because Plaintiff does not allege the omission of any procedural safeguards she was due, she has not stated a claim for violation of her procedural due process rights. *See id.*

"In addition to its procedural protections, the Due Process Clause protects individual liberties from government action 'regardless of the fairness of the procedures used to implement them.'" *Id.*, at 898 (quoting *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010)). "To state a substantive due process claim against a state official, a plaintiff must demonstrate that a fundamental right was violated and that the official's conduct shocks the conscience…. 'Only a purpose to cause harm *unrelated to the legitimate object of* the government action in question will satisfy the element of arbitrary conduct shocking to the conscience, necessary for a due process violation.'" *Id.* (emphasis in original; quoting *Folkerts v. City of Waverly*, 707 F.3d 975, 980 (8th Cir. 2013)). Plaintiff has failed to allege a plausible substantive due process violation, or any other constitutional violation.

The court has reviewed the exhibits to Plaintiff's Complaint and also the subsequently filed materials, but no constitutional violation is apparent. It does

appear, however, that juvenile court proceedings were instituted by the Department of Health and Human Services regarding at least one of Plaintiff's children, which may affect her ability to pursue relief in this court.[5]

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted and, for that reason, may be dismissed under 28 U.S.C. § 1915(e)(2) before service of process. However, on the court's own motion, Plaintiff will be given leave to file an amended complaint.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days in which to file an amended complaint. Failure to file an amended complaint within 30 days will result in the court dismissing the case without prejudice, and without further notice to Plaintiff.

2. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, her prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event she files an amended complaint.

4. The clerk of the court is directed to set the following pro se case management deadline: **February 18, 2022**, check for amended complaint.

---

[5] *Younger* abstention may be appropriate if there are ongoing state judicial proceedings regarding the custody of Plaintiff's children. *See Deuerlein v. Nebraska DHHS*, No. 4:11CV3065, 2011 WL 3626412, at *1-2 (D. Neb. Aug. 17, 2011). The court may also lack subject matter jurisdiction to the extent Plaintiff is asking this court to review and reverse a state court order. *See id.*, n. 2; *Deuerlein v. Nebraska CPS*, No. 8:18CV523, 2019 WL 2388272, at *2 (D. Neb. June 6, 2019), *reconsideration denied*, 2019 WL 3037084 (D. Neb. July 11, 2019), *and aff'd*, 793 F. App'x 468 (8th Cir. 2020).

5.     Plaintiff shall keep the court informed of her current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 19th day of January 2022.

                                        BY THE COURT:

                                        *Richard G. Kopf*

                                        Richard G. Kopf
                                        Senior United States District Judge