IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHEILA MARIE ALVAREZ,<br><br>Plaintiff,<br><br>vs.<br><br>DENNIS O'BRIEN,<br><br>Defendant. | 8:21CV303<br><br>**MEMORANDUM<br>AND ORDER** |

This matter is before the court for initial review of Plaintiff's pro se, in forma pauperis Amended Complaint (Filing 11) to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF AMENDED COMPLAINT

Plaintiff sues Dennis O'Brien, an employee of the Nebraska Department of Health and Human Services ("NDHHS"), for placing her three children in a foster home; prohibiting Plaintiff from seeing her children for two months because she refused to wear a drug patch; refusing to tell Plaintiff why her children were placed in state custody and to otherwise communicate with her; and falsely accusing Plaintiff of drug use. (Filing 11.)

Plaintiff requests money damages and demands that her children be returned to her full custody, that Defendant be "sanctioned" by the NDHHS, and that the NDHHS be ordered "not to remove children from the homes of their natural parents or parent without clearly explaining the situation . . . and without providing ongoing opportunities for parents to communicate with DHHS about those decisions, and without the opportunity to promptly appeal such decisions." (Filing 11 at CM/ECF p. 3.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

This is the third lawsuit Plaintiff has filed in this court seeking to regain custody of her children. *See Alvarez v. Health and Human Services, et al.*, Case No. 8:21CV38 (D. Neb.); *Alvarez v. Obrian*, Case No. 8:21CV204 (D. Neb.).[1]

---

[1] The court can sua sponte take judicial notice of its own records and files and facts which are part of its public records. *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981). Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it. *Id.*

The present action, like the previous cases, is designated as a civil rights action filed under 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Because Plaintiff does not specify otherwise, it must be presumed that Defendant Dennis O'Brien is sued only in his official capacity as an employee of the Nebraska Department of Health and Human Services. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). The court has previously advised Plaintiff that a NDHHS employee in his official capacity is not a proper defendant for purposes of a suit for money damages under 42 U.S.C. § 1983,[2] but that an official with the Department might be sued for prospective injunctive relief.[3] Here, Plaintiff's Amended

---

[2] A state, its agencies and instrumentalities, and its employees in their official capacities generally are not considered "persons" as that term is used in § 1983, and are not suable under the statute, regardless of the forum where the suit is maintained. *See Hilton v. South Carolina Pub. Railways Comm'n*, 502 U.S. 197, 200-01 (1991); *see also McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008) (states, arms of the state, and state officials acting in their official capacities are not subject to suit under § 1983). In addition, the Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and state employees sued in their official capacities. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995).

[3] State officials sued in their official capacities for injunctive relief are "persons" under section 1983 because official-capacity actions for prospective relief are not treated as actions against the state. *Hafer v. Melo*, 502 U.S. 21, 27 (1991); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). A state's Eleventh Amendment immunity does not bar a suit against state officials when the plaintiff seeks only prospective relief for

Complaint indicates an intent to seek prospective injunctive relief (*e.g.*, an order requiring that Plaintiff's children be returned to her custody and an order instructing Defendant "not to remove children from the homes of their natural parents or parent without clearly explaining the situation . . . and without providing ongoing opportunities for parents to communicate with DHHS about those decisions, and without the opportunity to promptly appeal such decisions"). Thus, it appears for purposes of initial review that Plaintiff may bring a section 1983 claim for prospective injunctive relief against Defendant O'Brien in his official capacity as an employee of the NDHHS.

Now the question is the constitutional or federal statutory basis for Plaintiff's purported section 1983 claim. "Parents have a recognized liberty interest in the care, custody, and management of their children," *Mitchell v. Dakota Cty. Soc. Servs.*, 959 F.3d 887, 897 (8th Cir. 2020), but this interest is "limited by the state's compelling interest in protecting a child . . . ." *Stanley v. Finnegan*, 899 F.3d 623, 627 (8th Cir. 2018) (internal quotation marks and citation omitted). For instance, "the right to family integrity does not include a constitutional right to be free from child abuse investigations." *Mitchell*, 959 F.3d at 897.

"State intervention in a family unit must arise under procedures sufficient to meet the requirements of the Due Process Clause." *Id.* (citing *Lehr v. Robertson*, 463 U.S. 248, 258 (1983)). "The Due Process Clause requires that the person whose rights are being interfered with receives notice and has an 'opportunity to be heard at a meaningful time and in a meaningful manner.'" *Id.* (quoting *Swipies v. Kofka*, 419 F.3d 709, 715 (8th Cir. 2005)). "In child removal cases, the meaningful time and manner requirement means that the state must hold a hearing promptly after removal." *Id.*

---

ongoing violations of federal rights. *Verizon Md. Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635 (2002); *Ex Parte Young*, 209 U.S. 123 (1908).

Plaintiff's Amended Complaint alleges that Defendant deprived her of the procedural safeguards she was due before and while her children were removed from her care, thus stating a plausible claim for violation of her procedural due process rights. Therefore, this matter shall proceed to service of process.[4]

IT IS ORDERED:

1. For service of process on Defendant Dennis O'Brien (who is allegedly a Nebraska Department of Health and Human Services employee) in his official capacity, the Clerk of Court is directed to complete a summons form and a USM-285 form for such Defendant using the address "Office of the Nebraska Attorney General, 2115 State Capitol, Lincoln, NE 68509," and forward them together with a copy of the Amended Complaint (Filing No. 11) and a copy of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve Defendant Dennis O'Brien in his official capacity at the <u>Office of the Nebraska Attorney General, 2115 State Capitol, Lincoln, NE 68509</u>**. *See* Federal Rule of Civil Procedure 4(j)(2); Neb. Rev. Stat. § 25-510.02.[5]

---

[4] Plaintiff should note that there may be reasons for dismissal of this matter that are not apparent at this time. For example, *Younger* abstention may be appropriate if there are ongoing state judicial proceedings regarding the custody of Plaintiff's children. *See Deuerlein v. Nebraska DHHS*, No. 4:11CV3065, 2011 WL 3626412, at *1-2 (D. Neb. Aug. 17, 2011). The court may also lack subject-matter jurisdiction to the extent Plaintiff is asking this court to review and reverse a state-court order. *See id.* at n.2; *Deuerlein v. Nebraska CPS*, No. 8:18CV523, 2019 WL 2388272, at *2 (D. Neb. June 6, 2019), *reconsideration denied*, 2019 WL 3037084 (D. Neb. July 11, 2019), *and aff'd*, 793 F. App'x 468 (8th Cir. 2020). These issues can be addressed during motion practice.

[5] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "**[t]he officers of the court shall issue and serve all process, and perform all duties in such cases.**" *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory); Fed. R. Civ. P. 4(c)(3) (court must order that

      2.      The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

      3.      Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process. The Clerk of Court shall set a case-management deadline accordingly.

      4.      Because this non-prisoner case is proceeding to service of process and at the direction of the court, this case is removed from the pro se docket. The Clerk of the Court shall randomly assign new judges to this case and request a reassignment order from the Chief Judge.

      DATED this 30th day of June, 2022.

      BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

---

service be made by United States Marshal if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).