IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHEILA MARIE ALVAREZ,<br><br>    Plaintiff,<br><br>vs.<br><br>DENNIS O'BRIEN,<br><br>    Defendant. | 8:21-CV-303<br><br>MEMORANDUM AND ORDER |

  The plaintiff, Sheila Marie Alvarez, has sued Dennis O'Brien for allegedly violating her constitutional rights as a case worker for the Nebraska Department of Health and Human Services (NDHHS). On initial review, the Court determined that she had brought a 42 U.S.C. § 1983 claim "for prospective injunctive relief against Defendant O'Brien in his official capacity as an employee of the NDHHS." Filing 14 at 4. The defendant moves to dismiss that claim on the basis that he is no longer an employee of the NDHHS and, therefore, cannot be sued in his initial capacity or provide injunctive relief. Filing 19. The Court will grant the defendant's motion.

STANDARD OF REVIEW

  To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* While the Court must accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the

pleadings in favor of the non-moving party, *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012), a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. *Iqbal*, 556 U.S. at 678. And determining whether a complaint states a plausible claim for relief will require the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## DISCUSSION

The Supreme Court has held that neither a state, nor a state official acting in his or her official capacity, is a "person" for purposes of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. *Id*. So, the Eleventh Amendment bars suits for damages against state officials in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

There is an exception, however, for a suit against a state official when that suit seeks only prospective injunctive relief in order to end a continuing violation of federal law. *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 73 (1996) (citing *Ex parte Young,* 209 U.S. 123 (1908)). But *Ex parte Young* simply permits an injunction against a state official in his official capacity to stop an ongoing violation of federal law. *Randolph v. Rodgers*, 253 F.3d 342, 348 (8th Cir. 2001). Its exception "only applies against officials 'who threaten and are about to commence proceedings, either of a civil or criminal nature, to enforce against parties affected an unconstitutional act, violating the Federal Constitution.'" *281 Care Comm. v. Arneson*, 766 F.3d 774, 797 (8th Cir. 2014) (quoting *Ex parte Young*, 209 U.S. at 156).

In other words, the existence of an *Ex parte Young* exception depends on gauging the ability of the official to enforce the law at issue under his or her

statutory or constitutional powers, and the official's demonstrated willingness to do so. *See id.*; *see also Balogh v. Lombardi*, 816 F.3d 536, 546 (8th Cir. 2016). That need not be a high bar: At the pleading stage, it may be satisfied by allegations or authority suggesting that the official is *potentially* a proper party for injunctive relief. *See Reprod. Health Servs. of Planned Parenthood of St. Louis Region, Inc. v. Nixon*, 428 F.3d 1139, 1145 (8th Cir. 2005). But it does require something.

And here, there is nothing, because the defendant is no longer a state official: He retired nearly a year ago. Filing 20-1.[1] The prospective injunctive relief the Court has jurisdiction to award is no longer available, because the only defendant before the Court has no authority to act. *See Tara Enters., Inc. v. Humble*, 622 F.2d 400, 401 (8th Cir. 1980). Nor is a successor automatically substituted for the defendant pursuant to Fed. R. Civ. P. 25(d), because the defendant did not hold an office for which a particular successor can be identified. *See Four Star Publ'ns, Inc. v. Erbe*, 304 F.2d 872, 874 (8th Cir. 1962); *see also Lyons v. Trial Ct. of Com. of Mass.*, No. 1:99-cv-10196, 2002 WL 31098490, at *1 (D. Mass. Sept. 17, 2002); *Network Project v. Corp. for Pub. Broad.*, 398 F. Supp. 1332, 1336 (D.D.C. 1975), *aff'd in part and rev'd in part on other grounds,* 561 F.2d 963 (D.C. Cir. 1977)); *cf. Organic Cow, LLC v. Ctr. for New Eng. Dairy Compact Rsch.*, 335 F.3d 66, 72 (2d Cir. 2003). Accordingly,

---

[1] When deciding a motion to dismiss under Rule 12(b)(6), the Court is normally limited to considering the facts alleged in the complaint. Rule 12(d). However, the Court may take notice of public records. *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007). And the defendant's argument also has jurisdictional implications, which would permit the consideration of extrinsic evidence in any event. *See Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015).

IT IS ORDERED:

1. The defendant's motion to dismiss (filing 19) is granted.

2. The plaintiff's complaint is dismissed.

3. A separate judgment will be entered.

Dated this 5th day of October, 2022.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge
